**2222-CC05133**

Electronically Filed - City of St. Louis - June 27, 2022 - 09:54 AM

## IN THE CIRCUIT COURT OF ST. LOUIS CITY
## STATE OF MISSOURI

| | |
|---|---|
| ANGELA MARLETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )     Cause No: |
| THE HERTZ CORPORATION | ) |
| **Serve: CT Corporation System** | )     Division: |
| **120 South Central Avenue** | ) |
| **Clayton, MO 63105,** | ) |
| | ) |
| and | ) |
| | ) |
| ACE AMERICAN INSURANCE COMPANY | ) |
| **Serve: Director of Insurance** | ) |
| **301 West High Street, Room 530** | ) |
| **Jefferson City, MO 65101,** | ) |
| | ) |
| and | ) |
| Defendant, | ) |
| | ) |
| NATIONWIDE MUTUAL INSURANCE CO. | ) |
| **Serve: Director of Insurance** | ) |
| **301 West High Street, Room 530** | ) |
| **Jefferson City, MO 65101,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PETITION

COMES NOW Plaintiff Angela Marlett, and for her cause of action against Defendants

The Hertz Corporation, Ace American Insurance Company and Nationwide Mutual Insurance

Company in the above captioned case, states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1.       Plaintiff Angela Marlett is an individual citizen of the State of Missouri.

2.       Defendant The Hertz Corporation (hereinafter "Hertz") is licensed and engaged

Electronically Filed - City of St. Louis - June 27, 2022 - 09:54 AM

in the business of renting cars and selling or providing insurance/supplemental injury protection to renters, particularly with respect to automobile bodily injury and liability throughout the State of Missouri, with offices in the State of Missouri.

3.    Defendant Nationwide Mutual Insurance Company (hereinafter "Nationwide") is an insurance company licensed and engaged in the business of selling insurance, and particularly automobile bodily injury and liability insurance and uninsured motorist bodily injury insurance, throughout the State of Missouri.

4.    Defendant Ace American Insurance Company (hereinafter "Ace") is an insurance company licensed and engaged in the business of selling insurance, and particularly automobile bodily injury and liability insurance and uninsured motorist bodily injury insurance, throughout the State of Missouri, with offices in the State of Missouri.

5.    Plaintiff rented a vehicle from Hertz in May of 2020. At the time she rented the vehicle, namely a 2019 Nissan Sentra, she purchased $1,000,000 of supplemental Liability insurance from Defendant Hertz that would cover her for bodily injury in the event of an accident.

6.    The rental agreement between Hertz and Plaintiff is attached as **Exhibit A.**

7.    Also in May of 2020, Plaintiff entered into an insurance agreement with Ace to provide $1,000.000 in coverage for bodily injury.

8.    A copy of the insurance agreement between Ace and Plaintiff is attached hereto as **Exhibit B**.

9.    As of May 23, 2020, Plaintiff was insured under a policy of insurance with Nationwide providing $500,000 of Uninsured Motorist Coverage.

10.    A copy of the insurance agreement between Plaintiff and Nationwide is attached

Electronically Filed - City of St. Louis - June 27, 2022 - 09:54 AM

hereto as **Exhibit C**.

11.     The events described hereafter occurred in the City of St. Louis, State of Missouri.

12.     On May 23, 2020, Plaintiff was operating a motor vehicle northbound on Euclid Avenue near its intersection with Carter Avenue, both well-traveled roads in St. Louis City.

13.     At this time, an unknown individual ("Phantom Driver"), operating a motor vehicle southbound on Euclid crossed over into the northbound lane of Euclid and struck the vehicle Plaintiff was driving, causing a violent collision.

14.      Phantom Driver left the scene of the collision and was never identified.

15.     At all relevant times, Phantom Driver owed Plaintiff a duty to operate his or her vehicle in conformance with all laws, rules, and regulations governing motor vehicle safety and to otherwise operate his or her motor vehicle with the highest degree of care.

16.     Phantom Driver was negligent, reckless, and careless in the operation of his or her motor vehicle in one or more of the following respects:

  a.     Phantom Driver failed to keep a careful lookout ahead and laterally so as to see and discover other vehicles on the road, specifically including Plaintiff's vehicle;

  b.     Phantom Driver drove at an excessive speed for the conditions;

  c.     Phantom Driver was distracted or inattentive while driving his or her vehicle;

  d.     Phantom Driver failed to stop his or her vehicle, slacken speed, swerve or sound a warning in an attempt to avoid striking Plaintiff's vehicle, when he or she could and should have done so in the exercise of the highest degree of care;

  e.     Phantom Driver failed to keep his or her vehicle within the southbound lane of Euclid

  f.     Phantom Driver otherwise allowed his or her vehicle to strike Plaintiff's

Electronically Filed - City of St. Louis - June 27, 2022 - 09:54 AM

vehicle.

17.     As a direct and proximate result of the negligence and carelessness of Phantom Driver:

    a.     Plaintiff sustained physical injuries to her neck and back, necessitating surgery and other, ongoing medical care and attention;

    b.     Plaintiff suffered, suffers and, in the future will continue to suffer, great physical pain and mental anguish;

    c.     Plaintiff suffered, suffers and, in the future, will continue to suffer physical limitations, which are permanent and progressive, and which impair and diminish her ability to perform normal activities and enjoy life; and

    d.     Plaintiff was caused to incur medical expenses for medicines, doctors, x-rays, medical institutions, prescriptions and other medical care, and in the future will be required to expend further sums, the exact amount of which cannot be definitely ascertained at this time.

    e.     Plaintiff's ability to work and to labor has been, is, and will in the future continue to be impaired and diminished, resulting in past, present, and future lost wages and income.

18.     Pursuant to **Exhibit A**, Defendant Hertz was and is required to pay to Plaintiff the compensatory damages which Plaintiff was legally entitled to recover from the Phantom Driver, up to $1,000,000, pursuant to Plaintiff's contract with Hertz.

19.     Pursuant to **Exhibit B**, Defendant Ace was and is required to pay to Plaintiff the compensatory damages which Plaintiff was legally entitled to recover from the Phantom Driver, up to the limits of liability for uninsured motorist coverage stated in the declaration page for the Policy of up to $1,000,000.

20.     Pursuant to **Exhibit C**, Defendant Nationwide was and is required to pay to Plaintiff the compensatory damages which Plaintiff was legally entitled to recover from the Phantom Driver, up to the limits of liability for uninsured motorist coverage stated in the

Electronically Filed - City of St. Louis - June 27, 2022 - 09:54 AM

declaration page for the Policy up to $500,000.

21.     Plaintiff complied with all the terms of the agreement with Defendant Hertz and complied with all the terms of the insurance policies from Ace and Nationwide.

22.     Plaintiff has made demand for the coverages and/or liability protection on Defendants Hertz, Nationwide, and Ace by and through their agents.

23.     Defendants Hertz, Nationwide, and Ace have failed to make the appropriate payments required by the applicable contract/policies for personal injury.

24.     Plaintiff is legally entitled to recover compensatory damages from the Phantom Driver in an amount in excess of $1,000,000.

25.     Plaintiff, having complied with the terms of the contract/policies, is now entitled to recover damages from Defendants in an amount in excess of $1,000,000.

26.     Plaintiff has demanded payment from the Defendants for full damages owed under the Policies, but Defendants have failed and refused to pay the demanded amount.

### COUNT I
### (Breach of Uninsured Motorist Policy v. Nationwide)

27.     Plaintiff incorporates the allegations stated above in paragraphs 1 through 26 of this Petition as if fully restated in this paragraph.

28.     The insurance policy between Plaintiff and Defendant Nationwide, (hereinafter "Nationwide Policy") was, and is, a binding agreement between Plaintiff and Defendant.

29.     Plaintiff has performed all conditions precedent to her right to enforce the Nationwide Policy against Defendant and to seek payment of the uninsured motorist coverage benefits under the Nationwide Policy.

30.     Defendant was and is obligated by the Nationwide Policy to pay Plaintiff reasonable sum  for her personal injuries.

Electronically Filed - City of St. Louis - June 27, 2022 - 09:54 AM

31.     Plaintiff has made written demand on Defendant for payment.

32.     Defendant has breached the Nationwide Policy by failing and refusing to pay the demanded amount.

33.     As a direct and proximate result of Defendant's breach of the Nationwide Policy, Plaintiff has suffered damages as set forth in paragraph 17 of this Petition.

WHEREFORE Plaintiff prays for judgment against Defendant Nationwide for a fair and reasonable sum in excess of $100,000.00, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

## COUNT II
### (Vexatious Refusal v. Nationwide)

34.     Plaintiff incorporates the allegations stated above in paragraphs 1 through 33 of this Petition as if fully restated in this paragraph.

35.     The insurance policy between Plaintiff and Defendant Nationwide, was, and is, a binding agreement between Plaintiff and Defendant Nationwide.

36.     Plaintiff satisfied all conditions precedent to her right to enforce the Policy against Defendant, including all conditions precedent to Plaintiff's right to payment of the amounts owed under the Policy for uninsured motorist coverage.

37.     Plaintiff made a written demand on Defendant for payment of the amounts owed under the Policy for uninsured motorist coverage and provided Defendant with all the information it needed to determine that payment of those amounts was required, including but not limited to medical records which showed that Plaintiff's damages far exceeded the limits of the Policy.

38.     Despite her demand, the fact that Plaintiff performed all conditions required

Electronically Filed - City of St. Louis - June 27, 2022 - 09:54 AM

under the Nationwide Policy, and all the information provided, Defendant rejected Plaintiff's demand and refused to pay an appropriate amount under the Nationwide Policy.

39.     Given the facts alleged above, Defendant had and has no reasonable cause or excuse for refusing to pay the amounts owed for uninsured motorist coverage under the Nationwide Policy.

40.     Plaintiff has and will incur attorneys' fees in connection with this action.

41.     Pursuant to Missouri Revised Statute 375.420 Plaintiff is entitled to penalties against Defendant Nationwide for Defendant's failure to pay the loss without reasonable cause or excuse.

WHEREFORE Plaintiff prays for judgment against Defendant Nationwide for a fair and reasonable sum of at least $100,000.00, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, plus 20% of the first $1,500.00 of the loss and 10% of the amount of the loss in excess of $1,500.00, plus her reasonable attorneys' fees incurred in connection with this action, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

### COUNT III
### (Breach of Contract v. Ace)

42.     Plaintiff incorporates the allegations stated above in paragraphs 1 through 41 of this Petition as if fully restated in this paragraph.

43.     The insurance contract between Plaintiff and Defendant Ace (hereinafter "Ace Policy") was, and is, a binding agreement between Plaintiff and Defendant for Defendant to provide $1,000,000 in liability coverage for Plaintiff's personal injuries.

44.     Plaintiff has performed all conditions precedent to her right to enforce the Ace Policy against Defendant and to seek payment of the coverage benefits under the policy.

Electronically Filed - City of St. Louis - June 27, 2022 - 09:54 AM

45.    Defendant was, and is, obligated by the Ace Policy to pay Plaintiff a fair and reasonable amount up to the contractual limits of $1,000,000.

46.    Plaintiff has made written demand on Defendant's agent for payment.

47.    Defendant has breached the Ace Policy by failing and refusing to pay the demanded amount.

48.    As a direct and proximate result of Defendant's breach of the Ace Policy, Plaintiff has suffered damages in an amount of at least $250,000, as set forth in paragraph 17 of this Petition.

WHEREFORE Plaintiff prays for judgment against Defendant Ace for a fair and reasonable sum of at least $100,000.00, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

## COUNT IV
## (Vexatious Refusal v. Ace)

49.    Plaintiff incorporates the allegations stated above in paragraphs 1 through 48 of this Petition as if fully restated in this paragraph.

50.    The insurance policy between Plaintiff and Defendant Ace, was, and is, a binding agreement between Plaintiff and Defendant Ace.

51.    Plaintiff satisfied all conditions precedent to her right to enforce the Ace Policy against Defendant, including all conditions precedent to Plaintiff's right to payment of the amounts owed under the policy for uninsured motorist coverage.

52.    Plaintiff made a written demand on Defendant for payment of the amounts owed under the Ace Policy for uninsured motorist coverage and provided Defendant with all the information it needed to determine that payment of those amounts was required, including but

Electronically Filed - City of St. Louis - June 27, 2022 - 09:54 AM

not limited to medical records which showed that Plaintiff's damages far exceeded the limits of the Ace Policy.

53.    Despite her demand, the fact that Plaintiff performed all conditions required under the Ace Policy, and all the information provided, Defendant rejected Plaintiff's demand and refused to pay an appropriate amount under the Policy.

54.    Given the facts alleged above, Defendant had and has no reasonable cause or excuse for refusing to pay the amounts owed for uninsured motorist coverage under the Ace Policy.

55.    Plaintiff has and will incur attorneys' fees in connection with this action.

56.    Pursuant to Missouri Revised Statute 375.420 Plaintiff is entitled to penalties against Defendant Ace for Defendant's failure to pay the loss without reasonable cause or excuse.

WHEREFORE Plaintiff prays for judgment against Defendant Ace for a fair and reasonable sum of at least $100,000.00, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, plus 20% of the first $1,500.00 of the loss and 10% of the amount of the loss in excess of $1,500.00, plus her reasonable attorneys' fees incurred in connection with this action, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

## COUNT V
### (Breach of Contract v. Hertz)

57.    Plaintiff incorporates the allegations stated above in paragraphs 1 through 56 of this Petition as if fully restated in this paragraph.

58.    The insurance contract between Plaintiff and Defendant Hertz (hereinafter "Contract") was, and is, a binding agreement requiring Defendant to provide $1,000,000 in

Electronically Filed - City of St. Louis - June 27, 2022 - 09:54 AM

liability coverage for Plaintiff's personal injuries.

59.    Plaintiff has performed all conditions precedent to her right to enforce the Contract against Defendant Hertz and to seek payment of the coverage benefits under the Contract.

60.    Defendant was, and is, obligated by the Contract to pay Plaintiff a fair and reasonable amount for Plaintiff's injuries up to the contractual limits of $1,000,000.

61.    Plaintiff has made written demand on Defendant's agent for payment.

62.    Defendant has breached the Contract by failing and refusing to pay the demanded amount.

63.    As a direct and proximate result of Defendant's breach of the Contract, Plaintiff has suffered damages in an amount of at least $250,000, as set forth in paragraph 17 of this Petition.

WHEREFORE Plaintiff prays for judgment against Defendant Hertz for a fair and reasonable sum of at least $100,000.00, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

COFMAN TOWNSLEY, LLP

By:    */s/ David Simkins*
David Simkins, #44509
200 S. Hanley Road, Suite
1070 St. Louis, Missouri
63105 314.621.2005
314.621.3118 (facsimile)
dsimkins@cofmantownsley.com
*Attorney for Plaintiff*