# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANGELA MARLETT, | ) |
| and, | ) |
| MONICA MEREDITH | ) |
| Plaintiffs, | ) |
| v. | ) |
| THE HERTZ CORPORATION, | ) Case No. 22-cv-00809-RWS |
| and | ) |
| ACE AMERICAN INSURANCE COMPANY, | ) |
| and | ) |
| AMCO INSURANCE COMPANY,<br>**Serve: Director of Insurance**<br>**301 West High Street, Room 530**<br>**Jefferson City, MO 65101,** | ) |
| Defendants. | ) |

## FIRST AMENDED PETITION

COMES NOW Plaintiffs Angela Marlett and Monica Meredith, and for their First Amended Petition against Defendants The Hertz Corporation, Ace American Insurance Company and AMCO Insurance Company in the above captioned case, state as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff Angela Marlett is an individual citizen of the State of Missouri.

2. Plaintiff Monica Meredith is an individual citizen of the State of Missouri.

3. Defendant The Hertz Corporation (hereinafter "Hertz") is licensed and engaged in the business of renting cars and selling or providing insurance/supplemental injury protection to renters, particularly with respect to automobile bodily injury and liability throughout the State of

1

Missouri, with offices in the State of Missouri.

4. Defendant AMCO Insurance Company (hereinafter "AMCO") is an insurance company licensed and engaged in the business of selling insurance, and particularly automobile bodily injury and liability insurance and uninsured motorist bodily injury insurance, throughout the State of Missouri.

5. Defendant Ace American Insurance Company (hereinafter "Ace") is an insurance company licensed and engaged in the business of selling insurance, and particularly automobile bodily injury and liability insurance and uninsured motorist bodily injury insurance, throughout the State of Missouri, with offices in the State of Missouri.

6. Plaintiff Angela Marlett rented a vehicle from Hertz in May of 2020. At the time she rented the vehicle, namely a 2019 Nissan Sentra, she purchased $1,000,000 of supplemental Liability insurance from Defendant Hertz that would cover her and any passengers for bodily injury in the event of an accident.

7. The rental agreement between Hertz and Plaintiff Angela Marlett was previously attached to Plaintiffs' original Petition as **Exhibit A.**

8. Also in May of 2020, Plaintiff Angela Marlett entered into an insurance agreement with Ace to provide $1,000.000 in coverage for bodily injury coverage for her and her passengers.

9. A copy of the insurance agreement between Ace and Plaintiffs Angela Marlett and Monica Meredith was previously attached to Plaintiffs' original Petition as **Exhibit B**.

10. As of the time of the accident on May 23, 2020, Plaintiff Angela Marlett and her passenger Plaintiff Monica Meredith were insured under a policy of insurance with AMCO providing $500,000 of Uninsured Motorist Coverage.

11. A copy of the insurance agreement between Plaintiffs and AMCO was previously

attached to Plaintiffs' original Petition as **Exhibit C**.

12. The events described hereafter occurred in the City of St. Louis, State of Missouri.

13. On May 23, 2020, Plaintiff Angela Marlett was operating a motor vehicle, with Monica Meredith as a passenger, northbound on Euclid Avenue near its intersection with Carter Avenue, both well-traveled roads in St. Louis City.

14. At this time, an unknown individual ("Phantom Driver"), operating a motor vehicle southbound on Euclid crossed over into the northbound lane of Euclid and struck the vehicle Plaintiff Angela Marlett was driving, causing a violent collision.

15. Phantom Driver left the scene of the collision and was never identified.

16. At all relevant times, Phantom Driver owed Plaintiffs Angela Marlett and Monica Meredith a duty to operate his or her vehicle in conformance with all laws, rules, and regulations governing motor vehicle safety and to otherwise operate his or her motor vehicle with the highest degree of care.

17. Phantom Driver was negligent, reckless, and careless in the operation of his or her motor vehicle in one or more of the following respects:

    a. Phantom Driver failed to keep a careful lookout ahead and laterally so as to see and discover other vehicles on the road, specifically including Plaintiffs' vehicle;
    b. Phantom Driver drove at an excessive speed for the conditions;
    c. Phantom Driver was distracted or inattentive while driving his or her vehicle;
    d. Phantom Driver failed to stop his or her vehicle, slacken speed, swerve or sound a warning in an attempt to avoid striking Plaintiffs' vehicle, when he or she could and should have done so in the exercise of the highest degree of care;
    e. Phantom Driver failed to keep his or her vehicle within the southbound lane of Euclid;
    f. Phantom Driver otherwise allowed his or her vehicle to strike Plaintiffs' vehicle.

18. As a direct and proximate result of the negligence and carelessness of Phantom Driver, Plaintiff Angela Marlett:

    a. sustained physical injuries to her neck and back, necessitating surgery and other, ongoing medical care and attention;
    b. suffered, suffers and, in the future will continue to suffer, great physical pain and mental anguish;
    c. suffered, suffers and, in the future, will continue to suffer physical limitations, which are permanent and progressive, and which impair and diminish her ability to perform normal activities and enjoy life;
    d. was caused to incur medical expenses for medicines, doctors, x- rays, medical institutions, prescriptions and other medical care, and in the future will be required to expend further sums, the exact amount of which cannot be definitely ascertained at this time; and
    e. Plaintiff's ability to work and to labor has been, is, and will in the future continue to be impaired and diminished, resulting in past, present, and future lost wages and income.

19. As a direct and proximate result of the negligence and carelessness of Phantom Driver, Plaintiff Monica Meredith:

    a. sustained physical injuries to her neck and back;
    b. suffered, suffers and, in the future will continue to suffer, great physical pain and mental anguish;
    c. suffered, suffers and, in the future, will continue to suffer physical limitations, which are permanent and progressive, and which impair and diminish her ability to perform normal activities and enjoy life; and
    d. was caused to incur medical expenses for medicines, doctors, x- rays, medical institutions, prescriptions and other medical care, and in the future will be required to expend further sums, the exact amount of which cannot be definitely ascertained at this time.

20. Pursuant to **Exhibit A**, Defendant Hertz was and is required to pay to each Plaintiff the compensatory damages which Plaintiffs are legally entitled to recover from the Phantom Driver, up to $1,000,000, pursuant to Plaintiffs' contract with Hertz.

21. Pursuant to **Exhibit B**, Defendant Ace was and is required to pay to each Plaintiff the compensatory damages which each Plaintiff was legally entitled to recover from the Phantom Driver, up to the limits of liability for uninsured motorist coverage stated in the declaration page

4

for the Policy of up to $1,000,000.

22. Pursuant to **Exhibit C**, Defendant AMCO was and is required to pay to each Plaintiff the compensatory damages which Plaintiff was legally entitled to recover from the Phantom Driver, up to the limits of liability for uninsured motorist coverage stated in the declaration page for the Policy up to $500,000.

23. Each Plaintiff complied with all the terms of the agreement with Defendant Hertz and complied with all the terms of the insurance policies from Ace and AMCO.

24. Each Plaintiff has made demand for the coverages and/or liability protection on Defendants Hertz, AMCO, and Ace by and through their agents.

25. Defendants Hertz, AMCO, and Ace have failed to make the appropriate payments required by the applicable contract/policies for personal injury.

26. Plaintiffs are legally entitled to recover compensatory damages from the Phantom Driver in an amount in excess of $1,000,000.

27. Plaintiffs, having complied with the terms of the contract/policies, is now entitled to recover damages from Defendants in an amount in excess of $1,000,000.

28. Plaintiffs have demanded payment from the Defendants for full damages owed under the Policies, but Defendants have failed and refused to pay the demanded amount.

## COUNT I
### (Marlett Breach of Uninsured Motorist Policy v. AMCO)

29. Plaintiff Angela Marlett incorporates the allegations stated above in paragraphs 1 through 28 of this Petition as if fully restated in this paragraph.

30. The insurance policy between Plaintiff and Defendant AMCO, (hereinafter "AMCO Policy") was, and is, a binding agreement between Plaintiff and Defendant.

31. Plaintiff has performed all conditions precedent to her right to enforce the AMCO

Policy against Defendant and to seek payment of the uninsured motorist coverage benefits under the AMCO Policy.

32. Defendant was and is obligated by the AMCO Policy to pay Plaintiff a reasonable sum for her personal injuries.

33. Plaintiff has made a written demand on Defendant for payment.

34. Defendant has breached the AMCO Policy by failing and refusing to pay the demanded amount.

35. As a direct and proximate result of Defendant's breach of the AMCO Policy, Plaintiff has suffered damages as set forth in paragraph 18 of this Petition.

WHEREFORE Plaintiff prays for judgment against Defendant AMCO for a fair and reasonable sum in excess of $100,000.00, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

## COUNT II
### (Meredith Breach of Uninsured Motorist Policy v. AMCO)

36. Plaintiff Monica Meredith incorporates the allegations stated above in paragraphs 1 through 35 of this Petition as if fully restated in this paragraph.

37. The AMCO Insurance Policy was, and is, a binding agreement between Plaintiff Monica Meredith and Defendant as Meredith is listed as a covered person.

38. Plaintiff Monica Meredith has performed all conditions precedent to her right to enforce the AMCO Policy against Defendant and to seek payment of the uninsured motorist coverage benefits under the AMCO Policy.

39. Defendant was and is obligated by the AMCO Policy to pay Plaintiff Monica Meredith a reasonable sum  for her personal injuries.

6

40. Plaintiff Monica Meredith has made a written demand on Defendant for payment.

41. Defendant has breached the AMCO Policy by failing and refusing to pay the demanded amount.

42. As a direct and proximate result of Defendant's breach of the AMCO Policy, Plaintiff Monica Meredith has suffered damages as set forth in paragraph 19 of this Petition.

WHEREFORE Plaintiff Monica Meredith prays for judgment against Defendant AMCO for a fair and reasonable sum in excess of $100,000.00, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

## COUNT III
### (Marlett Vexatious Refusal v. AMCO)

43. Plaintiff Angela Marlett incorporates the allegations stated above in paragraphs 1 through 42 of this Petition as if fully restated in this paragraph.

44. The insurance policy between Plaintiff Marlett and Defendant AMCO is a binding agreement between Plaintiff and Defendant AMCO.

45. Plaintiff satisfied all conditions precedent to her right to enforce the Policy against Defendant, including all conditions precedent to Plaintiff's right to payment of the amounts owed under the Policy for uninsured motorist coverage.

46. Plaintiff made a written demand on Defendant for payment of the amounts owed under the Policy for uninsured motorist coverage and provided Defendant with all the information it needed to determine that payment of those amounts was required, including but not limited to medical records which showed that Plaintiff's damages far exceeded the limits of the Policy.

47. Despite her demand, the fact that Plaintiff performed all conditions required under the AMCO Policy, and all the information provided, Defendant rejected Plaintiff's demand

and refused to pay an appropriate amount under the AMCO Policy.

48. Given the facts alleged above, Defendant had and has no reasonable cause or excuse for refusing to pay the amounts owed for uninsured motorist coverage under the AMCO Policy.

49. Plaintiff has and will incur attorneys' fees in connection with this action.

50. Pursuant to Missouri Revised Statute 375.420 Plaintiff is entitled to penalties against Defendant AMCO for Defendant's failure to pay the loss without reasonable cause or excuse.

WHEREFORE Plaintiff Angela Marlett prays for judgment against Defendant AMCO for a fair and reasonable sum of at least $100,000.00, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, plus 20% of the first $1,500.00 of the loss and 10% of the amount of the loss in excess of $1,500.00, plus her reasonable attorneys' fees incurred in connection with this action, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

## COUNT IV
### (Marlett Breach of Contract v. Ace)

51. Plaintiff incorporates the allegations stated above in paragraphs 1 through 50 of this Petition as if fully restated in this paragraph.

52. The insurance contract between Plaintiff Marlett and Defendant Ace (hereinafter "Ace Policy") was, and is, a binding agreement between Plaintiff and Defendant for Defendant to provide $1,000,000 in liability coverage for Plaintiff's personal injuries.

53. Plaintiff has performed all conditions precedent to her right to enforce the Ace Policy against Defendant and to seek payment of the coverage benefits under the policy.

54. Defendant was, and is, obligated by the Ace Policy to pay Plaintiff a fair and

reasonable amount up to the contractual limits of $1,000,000.

55. Plaintiff has made a written demand on Defendant's agent for payment.

56. Defendant has breached the Ace Policy by failing and refusing to pay the demanded amount.

57. As a direct and proximate result of Defendant's breach of the Ace Policy, Plaintiff has suffered damages in an amount of at least $250,000, as set forth in this Petition.

WHEREFORE Plaintiff Angela Marlett prays for judgment against Defendant Ace for a fair and reasonable sum of at least $100,000.00, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

### COUNT V
### (Marlett Vexatious Refusal v. Ace)

58. Plaintiff incorporates the allegations stated above in paragraphs 1 through 57 of this Petition as if fully restated in this paragraph.

59. The insurance policy between Plaintiff Marlett and Defendant Ace, was, and is, a binding agreement between Plaintiff and Defendant Ace.

60. Plaintiff satisfied all conditions precedent to her right to enforce the Ace Policy against Defendant, including all conditions precedent to Plaintiff's right to payment of the amounts owed under the policy for uninsured motorist coverage.

61. Plaintiff made a written demand on Defendant for payment of the amounts owed under the Ace Policy for uninsured motorist coverage and provided Defendant with all the information it needed to determine that payment of those amounts was required, including but not limited to medical records which showed that Plaintiff's damages far exceeded the limits of the Ace Policy.

62. Despite her demand, the fact that Plaintiff performed all conditions required under the Ace Policy, and all the information provided, Defendant rejected Plaintiff's demand and refused to pay an appropriate amount under the Policy.

63. Given the facts alleged above, Defendant had and has no reasonable cause or excuse for refusing to pay the amounts owed for uninsured motorist coverage under the Ace Policy.

64. Plaintiff has and will incur attorneys' fees in connection with this action.

65. Pursuant to Missouri Revised Statute 375.420 Plaintiff is entitled to penalties against Defendant Ace for Defendant's failure to pay the loss without reasonable cause or excuse.

WHEREFORE Plaintiff Marlett prays for judgment against Defendant Ace for a fair and reasonable sum of at least $100,000.00, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, plus 20% of the first $1,500.00 of the loss and 10% of the amount of the loss in excess of $1,500.00, plus her reasonable attorneys' fees incurred in connection with this action, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

**COUNT VI**
**(Meredith Breach of Contract v. Ace)**

66. Plaintiff incorporates the allegations stated above in paragraphs 1 through 65 of this Petition as if fully restated in this paragraph.

67. The insurance contract between Plaintiff Meredith and Defendant Ace (hereinafter "Ace Policy") was, and is, a binding agreement between Plaintiff and Defendant for Defendant to provide $1,000,000 in liability coverage for Plaintiff's personal injuries.

68. Plaintiff has performed all conditions precedent to her right to enforce the Ace Policy against Defendant and to seek payment of the coverage benefits under the policy.

69. Defendant was, and is, obligated by the Ace Policy to pay Plaintiff a fair and

reasonable amount up to the contractual limits of $1,000,000.

70. Plaintiff has made written demand on Defendant's agent for payment.

71. Defendant has breached the Ace Policy by failing and refusing to pay the demanded amount.

72. As a direct and proximate result of Defendant's breach of the Ace Policy, Plaintiff has suffered damages as previously set forth in this Petition.

WHEREFORE Plaintiff Monica Meredith prays for judgment against Defendant Ace for a fair and reasonable sum of at least $25,000, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

## COUNT VII
### (Marlett Breach of Contract v. Hertz)

73. Plaintiff incorporates the allegations stated above in paragraphs 1 through 72 of this Petition as if fully restated in this paragraph.

74. The insurance contract between Plaintiff and Defendant Hertz (hereinafter "Contract") was, and is, a binding agreement requiring Defendant to provide $1,000,000 in liability coverage for Plaintiff's personal injuries.

75. Plaintiff has performed all conditions precedent to her right to enforce the Contract against Defendant Hertz and to seek payment of the coverage benefits under the Contract.

76. Defendant was, and is, obligated by the Contract to pay Plaintiff a fair and reasonable amount for Plaintiff's injuries up to the contractual limits of $1,000,000.

77. Plaintiff has made a written demand on Defendant's agent for payment.

78. Defendant has breached the Contract by failing and refusing to pay the demanded amount.

79. As a direct and proximate result of Defendant's breach of the Contract, Plaintiff has suffered damages in an amount of at least $250,000, as set forth previously in this Petition.

WHEREFORE Plaintiff prays for judgment against Defendant Hertz for a fair and reasonable sum of at least $100,000.00, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

## COUNT VIII
### (Meredith Breach of Contract v. Hertz)

80. Plaintiff Monica Meredith incorporates the allegations stated above in paragraphs 1 through 79 of this Petition as if fully restated in this paragraph.

81. The insurance contract between Plaintiff Angela Marlett and Defendant Hertz (hereinafter "Contract") was, and is, a binding agreement requiring Defendant to provide $1,000,000 in liability coverage for Plaintiff Monica Meredith's personal injuries.

82. Plaintiff Monica Meredith has performed all conditions precedent to her right to enforce the Contract against Defendant Hertz and to seek payment of the coverage benefits under the Contract.

83. Defendant was, and is, obligated by the Contract to pay Plaintiff Monica Meredith a fair and reasonable amount for Plaintiff's injuries up to the contractual limits of $1,000,000.

84. Plaintiff Monica Meredith has made a written demand on Defendant's agent for payment.

85. Defendant has breached the Contract by failing and refusing to pay the demanded amount.

86. As a direct and proximate result of Defendant's breach of the Contract, Plaintiff has suffered damages in an amount as set forth previously in this Petition.

WHEREFORE Plaintiff Monica Meredith prays for judgment against Defendant Hertz for a fair and reasonable sum of at least $25,000, or as otherwise proven at trial, together with her court costs, pre- and post-judgment interest at the statutory rate, and for such other and further relief as the Court deems just and proper based on the above-stated facts.

COFMAN TOWNSLEY, LLP

By:  */s/ David Simkins*
David Simkins, #44509
200 S. Hanley Road, Suite 1070 St. Louis, Missouri 63105 314.621.2005
314.621.3118 (facsimile)
dsimkins@cofmantownsley.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on September 7, 2022, the foregoing pleading was filed with the Clerk of Court using the Court's electronic filing system and was served by operation of the same on the counsel of record for all parties to this action.

*/s/ David Simkins*