UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA MARLETT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:22 CV 809 RWS |
| | ) |
| HERTZ CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on defendant AMCO's motion for extension of time to complete plaintiffs' Rule 35 examinations. ECF 53. Defendant seeks to extend the time for completion to July 17, 2023, in part due to difficulties in obtaining plaintiffs' medical records. Plaintiffs oppose this proposed deadline because they claim, without explanation, that it "changes the sequence of the original scheduling order to Defendant's benefit." ECF 54. Plaintiffs proposed an alternative deadline of May 29, 2023, and offer to resolve "any issue with respect to missing medical records by offering to execute authorizations limited to the neck and back." ECF 54.

The motion will be granted as follows: the deadline will be extended to May 29, 2023; however, plaintiffs are required to execute authorizations releasing their medical records which are not limited to the neck and back. Plaintiffs have placed their medical conditions at issue by filing this lawsuit, and defendant is entitled to

discovery of their medical records during a relevant time period, even if the records do not relate exclusively to their alleged neck and back injuries. Although the amended complaint mentions neck and back injuries, it also seeks damages related to "great physical pain and mental anguish" and claims that both plaintiffs have suffered "permanent and progressive limitations." ECF 20. The nature and extent of these limitations is not alleged to be limited to the neck and back. The Court concludes that such a reasonable time period for the discovery of the medical records extends five years prior to the accident at issue, unless a different time period is agreed upon by the parties.

From the exhibits provided by plaintiffs, ECF 54, it appears that plaintiff Marlett was injured in a 2012 car accident but has failed to provide any medical records relating to that claim. Defendant is entitled to those treatment records as well.

Finally, the Court agrees with plaintiffs that the authorization defendant requested plaintiffs sign (ECF 54-3) is overly broad, both in the time period it requests records and in the type of records it requests. In the absence of good cause shown, plaintiffs are not entitled to disclose HIV/AIDS information, and any alcohol or substance abuse information is limited to the five year period.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for an extension of time to complete Rule 35 examinations [53] is granted as follows: the deadline for completion of Rule 35 examinations is extended to May 29, 2023.

**IT IS FURTHER ORDERED** that within ten (10) days of the date of this Memorandum and Order defendant shall provide and plaintiffs shall execute authorizations releasing their medical records in the manner set forth above.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of March 2023.